## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, John Crawley, being duly sworn, depose and state the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been employed since January 2018. I am currently assigned to ATF Macon Field Office in Macon, Georgia. As an ATF Agent, I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia. I have been trained in conducting investigations into violations of the Federal Firearms Laws, the Controlled Substance Act, and other violations of federal law, including, but not limited to, arson, explosive, gang, and racketeering offenses. Prior to my employment with ATF, I served as a Game Warden with the State of Georgia Department of Natural Resources Law Enforcement Division from 2002 to 2018.

2. This affidavit is submitted in support of a Criminal Complaint for the arrest of John CATO for the offenses of Possession and Transfer of a Machinegun in violation of Title 18, United States Code, Section 922(o), and Providing a Firearm/Ammunition to Prohibited Person, in violation of Title 18, United States Code, Section 922(d)(1).

3. The information contained in this affidavit is based on my training and experience, my personal participation in this investigation, and information provided to me by other law enforcement officials. Where conversations are related herein, they are related in substance and in part. Not all the facts of the investigation known to me are contained herein, only those necessary to establish probable cause for the issuance of an arrest warrant for John CATO for the stated offenses.

4. In April 2025, ATF Special Agent (SA) Crawley met with an ATF Confidential Informant (CI). The CI stated a friend called the CI stating the friend had two firearms for sale. The CI told ATF that the CI could purchase the firearms from the friend at the direction of law enforcement.

5. On April 23, 2025, the CI purchased three firearms using ATF funds from John CATO (B/M, DOB 02/02/2001).

6. As part of law enforcement operation, the CI's person was searched by law enforcement before and after the purchase to ensure the CI was free of contraband. None was found. The CI was surveilled by law enforcement prior to and from the location of the purchase. The purchase was monitored via body transmitter. The purchase was also audio/video recorded. The CI made a recorded and monitored phone call to the friend's known phone number to confirm the deal.

7. The friend and the CI met at a business location parking lot in Macon, Georgia. The friend exited a vehicle and walked over and got in the CI's vehicle. The friend told the CI the firearms were in another vehicle across the parking lot. They drove across the lot and parked. Another vehicle pulled up next to the CI's vehicle.

8. The CI and the friend got into the other vehicle occupied by "Lill D," identified as John CATO. CATO had two firearms for the CI to buy and had a Glock pistol that CATO said was his personal gun. CATO told the CI he did not want to sell it because it was his, and it had a switch in it, making it fully automatic, which is otherwise known as a machinegun. CATO sold the two pistols and the fully automatic Glock to the CI in exchange for ATF Funds.

9. At the conclusion of the controlled purchase, the CI was surveilled by law enforcement to a predetermined location. The CI turned the three firearms over to law enforcement.

10. The three firearms were identified as the following:

    - Taurus, G2c, 9mm, pistol, SN# AGJ398147, loaded with nine rounds of ammunition in the magazine and one round in the chamber
    - Taurus, G2c, 9mm, SN# TMC98857, containing eight rounds of ammunition in the magazine
    - Glock, Model 19, 9mm, pistol, SN# AFUN311, with a Glock switch installed and containing thirteen rounds of ammunition in the magazine

11. On June 26, 2025, the CI and ATF Undercover Agent (UCA) 6109 purchased thirteen firearms for thirteen thousand seven hundred dollars ($13,700.00) in ATF funds from CATO.

12. As part of the law enforcement operation, the CI's person was searched by law enforcement before and after the purchase to ensure the CI was free of contraband. None was found. CI was surveilled by law enforcement prior to and from the location of the purchase. The purchase was monitored via body transmitter. The purchase was also audio/video recorded. CI made a recorded and monitored phone call to CATO's known phone number to confirm the deal.

13. On June 26, 2025, CATO and the CI met up at the same business location's parking lot in Macon, Georgia that was previously used for the firearms sales with CATO. CATO arrived in the front passenger seat of a vehicle. CATO showed the CI a fully automatic Glock pistol that CATO stated belonged to him but might sell. CATO stated the Glock pistol had three different settings of fully automatic. The CI called ATF UCA 6109 and told ATF UCA 6109 to bring the money for the firearms. CATO began to get nervous about another person coming to the deal, so he started asking the CI if the person the CI called was associated with law enforcement. The CI told CATO that the CI was a convicted felon and did not want to go to jail either. The CI also told CATO that the CI could not go into a store and buy firearms.

14. ATF UCA 6109 arrived soon after. ATF UCA 6109 and the CI were utilizing three audio/video recording devices.

15. Upon arrival CATO gave ATF UCA 6109 a Glock switch. This switch can be installed in a Glock pistol converting it to fully automatic, otherwise known as a machinegun. CATO explained to ATF UCA 6109 how the switch can be installed on a Glock to make it fully automatic. ATF UCA 6109 opened the rear hatch of the ATF UCA 6109's vehicle. CATO directed the CI to grab a blanket from the back seat of CATO's vehicle containing firearms. CATO then brought a blanket and duffle bag containing more firearms and placed them in the trunk area of ATF UCA 6109's vehicle. ATF UCA 6109 and the CI counted a total of eleven firearms that were retrieved from CATO's blanket and duffle bag.

16. ATF UCA 6109 asked CATO where the twelfth firearm was, and CATO responded he had his personal firearm with a Glock switch attached, which is otherwise known as a machinegun. ATF UCA 6109 negotiated a deal with CATO to purchase the Glock with the switch attached to it during the transaction.

17. ATF UCA 6109 gave CATO ATF funds for the purchase of thirteen (13) firearms. Those thirteen firearms were identified as the following:

    - Glock model: 42, 380 caliber pistol, SN# AESB270
    - Taurus Intl model: PT738, 380 caliber pistol, SN# 29817D
    - Ruger model: RXM 9mm caliber pistol, SN#094-09971
    - Glock model: 26, 9mm caliber pistol, SN# AGKN581
    - Smith & Wesson model: 642 Airweight, 38 caliber revolver, SN# CPT5257
    - Cobra Ent model: CA380, 380 caliber pistol (no SN#)
    - Omega 15, 556 caliber rifle, SN# EV02741
    - Ruger model: Redhawk, 44 caliber revolver, SN# 502-07959
    - Arrow Arms model: AAR15, 556 caliber rifle, SN# AA11248
    - Century Arms model: CETME Sporter, 308 caliber rifle, SN# C55739
    - Stoeger model: 3500, 12-gauge caliber shotgun, SN# 75-H22YT-064878
    - Anderson mfg model: AM-15, 556 caliber pistol, SN# 21456419
    - Glock switch (back plate with leg to convert firearm to fully automatic)

18. Immediately following the sale, ATF UCA 6109 and the CI transported the thirteen firearms to the ATF Macon Field Office where the firearms were turned over to law enforcement.

19. In each of the three sales outlined above, CATO was identified from the video of the transactions as the seller of the firearms. The CI and ATF UCA 6109 also confirmed that CATO sold them the firearms as outlined above.

20. SA Crawley queried John CATO in the National Firearms Registration and Transfer Record System. This query showed CATO had no record of any registered firearms, which includes no registered "machineguns."

21. Based on the foregoing, I submit there is probable cause that CATO has committed the offenses of Possession and Transfer of a Machinegun in violation of Title 18, United States Code, Section 922(o), and Providing Firearms/Ammunition to Prohibited Person, in violation of Title 18, United States Code, Sections 922(d).

        Respectfully submitted,

        s/ John Michael Crawley
        JOHN MICHEAL CRAWLEY
        Special Agent
        Bureau of Alcohol, Firearms, & Tobacco

SUBSCRIBED and SWORN before me this  8th   day of July, 2025.

s/ Charles H. Weigle
THE HONORABLE CHARLES H. WEIGLE
UNITED STATES MAGISTRATE JUDGE

        REVIEWED AND APPROVED BY:

        WILLIAM R. KEYES
        UNITED STATES ATTORNEY
        MIDDLE DISTRICT OF GEORGIA

        *s/ Hannah M. Couch*
        HANNAH M. COUCH
        Assistant United States Attorney
        Georgia Bar Number 823706
        United States Attorney's Office
        Middle District of Georgia
        P.O. Box 1702
        Macon, Georgia 31202